**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 29, 2013

LETTER TO COUNSEL

RE:   *Glenda Parker v. Commissioner of Social Security*;
      Civil No. SAG-12-1223

Dear Counsel:

On April 20, 2012, claimant Glenda Parker petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 20). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

Ms. Parker filed her claims for benefits on November 18, 2008, alleging disability beginning on April 1, 2007. (Tr. 147-57). Her claims were denied initially on February 19, 2009, and on reconsideration on August 26, 2009. (Tr. 73-77, 81-84). After a hearing, (Tr. 24-41), an Administrative Law Judge ("the ALJ") issued an opinion denying benefits after determining that Ms. Parker was not disabled. (Tr. 9-23). The Appeals Council denied Ms. Parker's request for review, (Tr. 1-6), so the ALJ's opinion is the final, reviewable decision of the agency.

The ALJ found that Ms. Parker suffered from the severe impairment of pain syndrome. (Tr. 14). Despite this impairment, the ALJ found that Ms. Parker had retained the residual functional capacity ("RFC") to

> perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).

(Tr. 16). Without hearing testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Parker could perform her past relevant work as a computer programmer, and that she therefore was not disabled. (Tr. 18-19).

*Glenda Parker v. Commissioner of Social Security*
Civil No. SAG-12-1223
March 29, 2013
Page 2

Ms. Parker makes several arguments in support of her appeal. She contends that the ALJ erred at Step Two by finding her mental impairments, her carpal tunnel syndrome, and her obesity to be non-severe. That argument is unpersuasive, because the ALJ adequately analyzed each of the three impairments and cited to substantial evidence to support the determination that they are not severe. (Tr. 14-15). Moreover, because the ALJ found Ms. Parker's pain syndrome to be severe, he proceeded to the other sequential steps, rendering any step two error harmless. However, I agree that the ALJ has not provided sufficient analysis for me to determine whether his conclusion that Ms. Parker could perform her past relevant work was premised on substantial evidence. Remand is therefore warranted. In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Parker was ineligible for benefits was correct or incorrect.

Ms. Parker contends that the ALJ's error was his failure to take testimony from a VE at her hearing. I disagree with that proposition. The ALJ need not adduce VE testimony to decide a case at step four, but may rely on information about the past relevant work that is provided by the claimant. *See* 20 C.F.R. § 404.1560. Ms. Parker's contention that VE testimony is necessary therefore lacks merit.

However, the ALJ had to obtain sufficient information about the requirements of Ms. Parker's past relevant work and had to consider all of her impairments, both severe and non-severe, in assessing whether she could meet those requirements. *See* SSR 82-62 ("Determination of the claimant's ability to do PRW requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy."). The ALJ failed to perform those duties. The ALJ's inquiry of Ms. Parker at the hearing, regarding the requirements of her various computer-related positions, was quite limited. (Tr. 29-31). The ALJ asked no questions regarding any mental requirements of the job, particularly relating to concentration, persistence, or pace. *Id.* He did not ask Ms. Parker why she believed she would be unable to perform her past relevant work. *Id.* The record demonstrated that two physicians had found Ms. Parker to have limitations in the area of concentration, persistence, or pace. (Tr. 527, 540). The only contrary evidence was the ALJ's observation of Ms. Parker's ability to answer questions at the hearing, which lasted only approximately 25 minutes. (Tr. 15). Reliance on ALJ observation is disfavored under Fourth Circuit law, particularly in the absence of corroborating evidence. *See Copeland v. Brown,* 883 F.2d 68 (Table), at *3 (4th Cir. 1989). Even considering his own observations, the ALJ himself conceded that "the evidence is decidedly inconclusive" regarding whether Ms. Parker's ability to concentrate constituted a severe impairment. (Tr. 15). Nevertheless, the ALJ did not reference concentration at all in his step four analysis of Ms. Parker's RFC or of her past relevant work.

Moreover, SSR 82-62 specifically requires that the ALJ consider the requirements of a claimant's past relevant work:

*Glenda Parker v. Commissioner of Social Security*
Civil No. SAG-12-1223
March 29, 2013
Page 3

> Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source.

SSR 82-62, at *3. In this case, the ALJ made no inquiry into the concentration requirements for a computer programmer. The ALJ could have developed a sufficient record on that point in at least two ways, either by asking Ms. Parker for information about the mental requirements of her prior positions or by taking testimony from a VE. Without either, however, the ALJ has not provided sufficient information to permit review to determine whether his conclusion that Ms. Parker could work as a computer programmer was supported by substantial evidence. Accordingly, remand is appropriate.

For the reasons set forth herein, Ms. Parker's motion for summary judgment (ECF No. 17) and Defendant's motion for summary judgment (ECF No. 20) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge